UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3:15-CR-149 |
| v. | ) | |
| | ) | JUDGES VARLAN/SHIRLEY |
| MAURECE DAMONE MCDOWELL | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, MAURECE DAMONE MCDOWELL, and the defendant's attorney, John E. Eldridge, have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

    a) Count One charges the defendant with conducting, financing, managing, supervising, directing and owning an illegal gambling operation in violation of Title 18, United States Code, Sections 1955 and 2.

    The punishment for this offense is as follows: (1) a term of imprisonment of not more than five years; (2) a fine of up to $250,000; (3) a term of supervised release of up to three years; (4) criminal forfeiture; and (5) a mandatory $100 special assessment.

    b) Count Two charges conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h).

    The punishment for this offense is as follows: (1) a term of imprisonment of up to twenty years; (2) a fine of up to $500,000.00 or twice the value of the property involved in the transaction whichever is greater; (3) a term of supervised release of up to three years; (4) criminal forfeiture; and (5) a mandatory $100 special assessment.

2. The United States agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offenses committed by the defendant that

are related to the charges contained in the indictment in this case and that are known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offenses are as follows:

    A. *Owning an illegal gambling operation – Title 18, United States Code, Sections 1955 and 2*

        i. The defendant conducted, financed, managed, supervised, directed, or owned all or part of a gambling business; and

        ii. That such gambling business:

            a. Violated the laws of the State of Tennessee in which it was conducted; and

            b. Involved five or more persons who conducted the said illegal gambling business; and

            c. Has remained in substantially continuous operation for more than 30 days, or had gross revenue of $2,000.00 or more on any single day.

    B. *Conspiracy to commit money laundering – Title 18, United States Code, Section 1956(h)*

        i. Knowingly combined, conspired, confederated or agreed with others;

        ii. To commit offenses against the United States, including violations of Title 18 United States Code, Section 1956 (money laundering).

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case.

Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) Clarence Lee McDowell (C. MCDOWELL) and George Marcus Hall (HALL) owned and ran a daily numbers gambling operation. The defendant operated and directed the other employees of the daily operation. From approximately January 2009 until June 8, 2015, the illegal gambling operation was continuously in operation, collecting a daily gross revenue of over $2,000.00 in the Eastern District of Tennessee.

b) The gambling operation employed more than twenty employees as either numbers sellers or numbers runners. The numbers sellers worked at unknown and known locations such as 2225 McCalla Avenue, 2228 McCalla Avenue, and 904 Dinwiddie Street, Knoxville, Tennessee. Individual gamblers came to those locations and made bets by creating three or four digit numbers and selecting a dollar amount to bet on each number. A gambler had the choice to play either the Pick 3 or Pick 4 lottery by creating and betting a three-digit or four-digit number. The winning numbers were based on the Illinois state lottery mid-day and evening drawings. At the numbers house, the gamblers wrote their numbers on a pad, which bore a resemblance to a restaurant order pad with a carbon-copy second page. The numbers seller kept the original and the cash bet and the gambler kept the carbon copy. Numbers runners took possession of the numbers receipts and money from the sellers, and physically delivered them to either a portable office trailer located at 904 Dinwiddie Street or to the business, the Lonsdale Market and Deli, Inc., located at 3208 Rudy Street, Knoxville, Tennessee 37921. Every day, either M. MCDOWELL or HALL was present to collect the numbers and bets from the runners shortly before the lottery drawings occur in Illinois. The numbers runners and sellers

3

would receive a quarter of the money collected and the rest would be retained by the co-defendants. These criminal acts are in violation of the Tennessee Code Annotated § 39-17-504.

c) The defendant M. MCDOWELL owns Triple M Property Management, LLC; and co-defendant C. MCDOWELL, owns and operates Palace Package Store, Inc.; the Lonsdale Market and Deli, Inc.; and Lonsdale Payment Center Inc. M. MCDOWELL was involved in the daily operations of the business owned by C. MCDOWELL. Co-defendant HALL owns and operates the businesses Marc Nelson, LLC and Growing Properties, LLC. Although these businesses operate as their intended design, *i.e.*, liquor store, check-cashing, market, clothing store and rental property businesses, they were being used to conceal, facilitate, and promote the illegal gambling operation. Further, the businesses were built and/or are sustained with proceeds from the illegal gambling business.

d) On June 8, 2015, search warrants were executed at several numbers houses and the defendants' businesses. Seized from the Lonsdale Payment Center was a week's worth of gambling receipts. The receipts were from the week of June 1, 2015 through June 7, 2015. The receipts were analyzed and the total weekly intake from the illegal gambling operation for that week was approximately $89,840.86.

e) The defendant laundered his portion of the gambling proceeds in various ways to conceal the nature of the proceeds. For example, the defendant made cash deposits in both personal and business bank accounts and then used the money to make purchases, pay off loans, invest, and sustain his businesses.

5. The parties further agree to the following enhancement: U.S.S.G. 2S1.1(b)(2)(B) two levels for money laundering. Taking into consideration the above-listed enhancement, the parties agree that the Total Offense Level based on the defendant's conduct and the Sentencing Guidelines is a level 14.

6. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to be indicted by a grand jury for these crimes;

    b) the right to plead not guilty;

    c) the right to a speedy and public trial by jury;

    d) the right to assistance of counsel at trial;

    e) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    f) the right to confront and cross-examine witnesses against the defendant;

    g) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    h) the right not to testify and to have that choice not used against the defendant.

7. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a) The Court may impose any lawful terms of imprisonment, any lawful fines, and any lawful terms of supervised release up to the statutory maximums;

    b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

8. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to

recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

9. The defendant agrees to pay the special assessment in this case prior to sentencing.

10. Forfeiture. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of Title 18 United States Code, Sections 1955 and 1956(h), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant agrees and admits that assets seized by the United States are directly traceable to the offenses listed in counts one and two of the Information and are forfeitable in their entirety pursuant to Title 18 United States Code, Sections 981(a), 982, 984, 1955(d) and Title 28, United States Code, Section 2461. The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to the entry of a money judgment in favor of the United States and against the defendant in the amount of $5,000,000 which represents the amount of money paid to the defendant directly or indirectly as a result of the gambling and money laundering conspiracy. The defendant further agrees to forfeit all interests in the properties as described in the Agreed Preliminary Order and take

whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil, criminal or administrative forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

11. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to Title 18, United States Code, Section 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a Section 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

14. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

NANCY STALLARD HARR
ACTING UNITED STATES ATTORNEY

12/15/2015
Date

By: [signature]
JENNIFER KOLMAN
ANNE-MARIE SVOLTO
Assistant United States Attorneys

12/9/2015
Date

[signature]
MAURECE DAMONE MCDOWELL
Defendant

12/10/2015
Date

[signature]
JOHN E. ELDRIDGE
Attorney for the Defendant