UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:15-CR-149-TAV-CCS |
| MAURECE DAMONE McDOWELL, | ) ) | |
| Defendant. | ) ) | |

## **PROTECTIVE ORDER**

This matter having come before the Court upon the Motion of the United States of America for the entry of a protective order pursuant to 21 U.S.C. § 853(e)(1)(A) and 18 U.S.C. § 982(b)(1), and it appearing to the satisfaction of the Court:

1. On November 3, 2015, an Indictment was filed charging the defendant, MAURECE DAMONE McDOWELL ("the defendant"), with violations of 18 U.S.C. §§ 1955, and 1956(h), and alleging forfeiture allegations pursuant to 18 U.S.C. §§ 1955(d), 981(a)(1)(C), and 982(a)(1), and 28 U.S.C. § 2461(c).

2. That the United States has moved, for a Protective Order pursuant to 21 U.S.C. § 853(e)(1)(A) and 18 U.S.C. § 982(b)(1) so as to preserve the *status quo* and prevent defendant from alienating, encumbering, or wasting the forfeitable property; and

3. That based upon the Indictment and the Supporting Motion submitted by the United States, cause has been shown for the entry of a protective order to preserve the real property named in <u>Attachment A</u> to this Order (hereinafter "real property").

It is, therefore, the **ORDER** of this Court that this Protective Order issue as to the real property described in <u>Attachment A</u> hereto, and incorporated herein by this reference, to wit:

The defendant, his agents, servants, employees, attorneys, family members, those persons having any interest or control over the property described in <u>Attachment A</u>, or any corporate entity claiming an ownership interest in the property described in <u>Attachment A</u>, and those in active concert or participation with the defendant, shall not, without approval of this Court upon notice to the United States and an opportunity for the United States to be heard:

- a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of, in any manner, directly or indirectly;

- b) cause to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

- c) take, or cause to be taken, any action which could have the effect of concealing or moving from the jurisdiction of this Court, or that would have the effect of depreciating, damaging or in any way diminishing the value of the real property named in <u>Attachment A</u> to this Order.

It is further **ORDERED** that if any of the real property has been or is transferred or disposed of by any means, the defendant shall account to the Court for the disposition of the property.

It is further **ORDERED** that defendant shall be served with a copy of this Order.

It is further **ORDERED** that the Clerk of this Court provide the United States Attorney's Office with a certified copy of this Order to record in the county records where the identified real property is located as soon as practical.

This order shall remain in effect until further Order of the Court or until the Court modifies the Order as appears necessary in the interest of justice and consistent with the purposes of 21 U.S.C. § 853.

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

Submitted for Entry:

NANCY STALLARD HARR
Acting United States Attorney

By:     *s/ Anne-Marie Svolto*
         JENNIFER KOLMAN
         ANNE-MARIE SVOLTO
         Assistant United States Attorney
         United States Attorney's Office
         800 Market Street, Suite 211
         Knoxville, Tennessee 37902
         865.545.4167

# ATTACHMENT A

### a) Real Property Located at
### 309 Tillery Drive, Knoxville, Tennessee 37912

SITUATED in District No. Eight of Knox County, Tennessee, within the 39th ward of the city of Knoxville, Tennessee, and located on Tillery Road between the Clinton Highway and Central Pike on the North side of same and beginning at a hickory tree south corner to Roberts' Lane and running along the North side of said Tillery Road, North 35 deg. 40 min. East, 142 feet to an iron pin in said road 1.5 feet south eastward of a light pole; thence north 25 deg. 50 min. West, 213.6 feet to an iron pin; thence south 67 deg. 30 min. West, 107.3 feet to an iron pin in the old line of Hubbs; thence with the old Hubbs line, South 21 deg. 34 min. East, 285 feet to the beginning, and containing 0.892 acres, more or less.

BEING the same property conveyed to Brenda F. Campbell, by warranty deed from Robert B. Stewart, Jr., and F. Alexander Stewart, also known as Frederick Alexander Stewart (by and through his duly appointed attorney in fact R. B. Stewart, Jr., pursuant to Power of Attorney recorded in Book 1124, Page 325 in the Anderson County Register's Office) dated March 3, 2005, filed for record March 4, 2005, in Instrument No. 200503040069567, in the Register's Office for Knox County, Tennessee.

For further reference see Warranty Deed recorded on October 26, 2011 as Instrument Number 201110260022356 in the Register of Deeds for Knox County, Tennessee.

### b) Real Property Located at
### 0 Jones Road, Knoxville, Tennessee 37918

Located and being situated in the Eighth (8th) Civil District of the County of Knox, State of Tennessee, and being known and designated as follows, to wit:

Lot 3, Patricia Ann Lay Subdivision, as shown of record in Instrument No. 200107160003376, in the Register's Office of Knox County, Tennessee, to which reference is here made for a more particular description thereof.

BEING PART OF THE SAME property described in the Knox County Register's Instrument No. 200103050058043.

For further reference see Warranty Deed recorded on October 15, 2001 as Instrument Number 200110150029274 in the Register of Deeds for Knox County, Tennessee.

### c) Real Property Located at
### 1220 Cassell Drive, Knoxville, Tennessee 37912

SITUATED in the Fifth Civil District of Knox County, Tennessee, and within the 41st Ward of the City of Knoxville, Tennessee, and being lot 15R of Norwood Subdivision, Unit 2, being a resubdivision of all of Lot 15 and part of Lot 16 of Norwood Subdivision, Unit 2 as shown by map of record in Map Book 65-S, Page 100 in the Register's Office for Knox County, Tennessee and being more particularly bounded and described as follows:

BEGINNING at an iron pin the southern line of Cassell Drive, said iron pin being located 1,302 feet; more or less, from the intersection of the southeastern line of Cassell Road with the northeastern line of Gap Road; thence following the line of Cassell Drive North 44 deg. 55 min. 55 sec. East 35.65 feet to an iron pin; thence North 49 deg. 02 min. 20 sec. East 138.73 feet to an iron pin; thence South 40 deg. 03 min. 35 sec. East 231.30 feet to an iron pin in line of Grant thence with the property line of Grant, South 49 deg. 30 min. West 174.10 feet to an iron pin; thence with the common boundary line between Lot 14 and Lot 15, North 40 deg. 05 min. 32 sec. West 227.34 feet to an iron pin and the point of beginning, being improved with a dwelling known as 1220 Cassell drive.

Less and except that portion of property conveyed to the state of Tennessee of record in Deed Book 1657, Page 722 in the Knox County Register of Deeds Office.

BEING the same property conveyed to Brenda Faye Campbell, by Warranty Deed from Steven William Gorman and Larry Edward Gorman, devisees under the Last Will and Testament of John William Gorman, deceased, of record in Will Book 35, Page 852 in the Knox County Chancery Court, Probate Division dated September 23, 2005, filed for record October 6, 2005, in Instrument No. 200510060031813, in the Register's Office for Knox County, Tennessee.

For further reference see Warranty Deed recorded on October 26, 2011 as Instrument Number 201110260022357 in the Register of Deeds for Knox County, Tennessee.

### d) Real Property Located at
### 246 Hummingbird Drive, Vonore, Tennessee 37885

SITUATED in District Four (4) of Loudon County, Tennessee, and without the corporate limits of any municipality, and being known and designated as all of Lot 1063, Rarity Bay Subdivision, Phase XI, as shown on the plat of the same of record in Plat Cabinet E, Slides 42 and 43, to which plat specific reference is hereby made for a more particular description.

The source of the above description being the plat of record in Plat Cabinet E, Slides 42 and 43, in the Register's Office for Loudon County, Tennessee; no boundary survey having been obtained at the time of this conveyance.

BEING the same property conveyed to Maurece D. McDowell, by Edward R. Conaway, Jr. and wife, Debra A. Conaway, by Warranty Deed dated November 27, 2006, and recorded December 5, 2006, in Book D314, Page 651, in the Register's Office for Loudon County, Tennessee.

This conveyance is made subject to all easements, restrictions and covenants of record, including but not limited to Declaration of Covenants, Conditions and Restrictions of record in Trust Book 495, Page 976 and Trust Book 444, Page 248, in the Register's office for Loudon County, Tennessee; and to all building setback lines, easements and conditions as set forth on the recorded plat.

For further reference see Quit Claim Deed recorded on December 28, 2010 in Book Number D345, Pages 81-82 in the Register of Deeds for Loudon County, Tennessee.