UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:15-CR-149-TAV-CCS |
| MAURECE DAMONE McDOWELL, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on third-party petitioners' Seized Asset Claim Form [Doc. 50] and the government's motion to dismiss third-party petitioners' claim [Doc. 55]. Third-party petitioners did not respond to the government's motion, and their time in which to do so has passed. E.D. Tenn. L.R. 7.1.

On November 3, 2015, the defendant was charged with conducting an illegal gambling operation, in violation of 18 U.S.C. § 1955, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) [Doc. 3]. Subsequently, the Court entered an agreed order of forfeiture [Doc. 36], forfeiting the defendant's interest in certain real property located at 309 Tillery Drive, Knoxville, Tennessee, 37912; 1220 Cassell Drive, Knoxville, Tennessee, 37912; and 246 Hummingbird Drive, Vonore, Tennessee, 37885 ("the real properties"). As required by 21 U.S.C. § 853(n) and Rule 32.2(b) of the Federal Rules of Criminal Procedure, the government sent notice to all parties known to have a possible interest in this property and published notice of the forfeiture on the Internet, from July 13, 2016, through August 11, 2016 [Docs. 52, 55 ¶ 5].

On August 8, 2016, Joseph H.A. Lee and Maria L. Lee ("petitioners") filed a Seized Asset Claim Form regarding the real properties [Doc. 50]. The government now moves to dismiss the application, arguing that petitioners' application should be dismissed because petitioners failed to meet the requirements of 21 U.S.C. §§ 853(n)(3) and (n)(6) [Doc. 55]. Because the Court finds that petitioners failed to meet the requirements of 21 U.S.C. § 853(n)(3), it need not determine whether 21 U.S.C. § 853(n)(6) is satisfied.

In order to submit a valid third-party claim, a petitioner must comply with 21 U.S.C. § 853(n)(3), which mandates that a petitioner "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts . . . and the relief sought." 21 U.S.C. § 853(n)(3). "Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011).

In this case, petitioners' application simply states, "We would like to submit an application for interested property as the third party whom under your court Jurisdiction. If the property will be available, please contact us" [Doc. 50]. The claim provides no detail as to any purported interest in the property. Thus, petitioners neither set forth the "nature and extent of the . . . right, title, or interest in the property," nor "the time and circumstances of [their] acquisition of the right, title, or interest in the property." 21

2

U.S.C. § 853(n)(3). As such, petitioners' application fails to meet the requirements of § 853(n)(3). Therefore, the Court will dismiss the application for failing to comply with the requirements of § 853(n)(3). *See United States v. Kokko*, No. 06-20065-CR, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007) ("Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing.").

In sum, the government's Motion to Dismiss Third-Party Petitioners' Claim [Doc. 55] is **GRANTED**, and petitioners' Seized Asset Claim Form [Doc. 50] is **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE